UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:22-CR-22-REW-EBA-2 |
| v. | ) | |
| | ) | ORDER |
| RAYMON DOUG RISNER, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 110 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Raymon Doug Risner's guilty plea and adjudge him guilty of Counts One and Two of the Superseding Indictment (DE 53) and the applicable forfeiture allegations. *See* DE 112 (Recommendation); *see also* DE 105 (Plea Agreement). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 112 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 112, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts One and Two of the Superseding Indictment;

2.  Further, per Judge Atkins's recommendation, the Defendant's plea agreement (DE 105 ¶ 10), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Superseding Indictment's Forfeiture Allegations, DE 53 at 5–6 (the seized firearm, ammunition, and currency), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED.** Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order. [1]

This the 22nd of November, 2023.



Signed By:

_Robert E. Wier_

**United States District Judge**

---

[1] Judge Atkins remanded Risner to custody post-plea, which preserved his status following his arraignments on both the Initial and the Superseding Indictments. *See* DE 110; DE 27; DE 57. As such, Risner will remain in custody pending sentencing, subject to intervening orders.